# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| RICHARD WAYNE COOK, | : | |
| | : | |
| Plaintiff | : | |
| | : | 1:05-CV-149 (WLS) |
| vs. | : | |
| | : | |
| STEVEN UPTON, | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| | : | |
| Defendants | : | |

## O R D E R

*Pro se* prisoner plaintiff **RICHARD WAYNE COOK,** presently confined at Georgia State Prison in Reidsville, Georgia filed the above-styled complaint pursuant to 42 U.S.C. § 1983 (2000). Plaintiff sought leave to proceed without pre-payment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (2000). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. Based on plaintiff's submissions, the Court waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(4) (2000). However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1) (2000).

## *I. PLAINTIFF'S CLAIM*

Plaintiff alleges in the complaint that he was re-assigned to a housing unit with an inmate with whom, plaintiff had previously been involved in a physical altercation. Plaintiff states that he was assured by defendant Warden Steven Upton that the inmate and plaintiff would not be placed in the same dormitory. Plaintiff states that the inmate hit him in the head with a steel lock.

According to plaintiff, he is now tone deaf, has severe headaches and is legally blind in his right eye.

## II. DISCUSSION

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989). *See also* Farmer v. Brennan, 511 U.S. 825 (1994)(for a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm; to be liable, the prison official must know of and disregard an excessive risk to inmate health or safety).

## III. ORDER FOR SERVICE

At this juncture it cannot be found that plaintiff's claim is wholly without merit. While it is by no means clear that plaintiff will ultimately prevail on the merits, construing the complaint liberally in favor of plaintiff this Court concludes that plaintiff has made sufficient allegations to survive frivolity review.

Accordingly, it is **ORDERED** that service be made as provided by law upon defendant, and that he file a Waiver fo Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall keep the Clerk of this Court and all

opposing attorneys and/or parties advised of his current address. Failure to promptly advise the Clerk of any change of an address may result in the dismissal of the party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court; to serve copies of all motions, pleadings, discovery, and correspondence upon opposing parties or counsel for opposing parties if they are represented; to attach to said original motions, pleadings, and discovery filed with the Clerk a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.). The Clerk of Court will not serve or forward copies of such motions, pleadings, discovery and correspondence on behalf of the parties.

### DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendant from whom discovery is sought by plaintiff. Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of plaintiff, a state

prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that the failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the FEDERAL RULES OF CIVIL PROCEDURE**.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within ninety (90) days of the date of filing of an answer or dispositive motion by defendant unless an extension is otherwise granted by this Court upon a showing of good cause therefor or a protective order is sought by defendant and granted by the Court. This ninety (90) day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned also incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by this Court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event, no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this Court **TWENTY PERCENT (20%)** of the preceding month's income credited to plaintiff's account at said institution until the $250.00 filing fee has been paid in full.

In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $250.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. § 1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pre-trial matters.

In addition, 28 U.S.C. § 636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or non-jury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

**SO ORDERED**, this 6th day of March, 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

6

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (E.G., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT(S).

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT.  <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT</u>.

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.  THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OR A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.

Case 1:05-cv-00149-RLH   Document 7   Filed 03/06/2006   Page 8 of 8